# AGREEMENT FOR CONSULTING SERVICES

1. **Parties**: SpectraWatt, Inc. ("Company")

    Brad Walker ("Walker")

2. **Effective Date:** January 17, 2011

3. **Scope of Work.** Walker will be appointed as Chief Restructuring Officer ("CRO") to the Company and report to the Board of Directors. In that regard, Walker shall perform services for Company or on behalf of Company (or in the case of a chapter 11 bankruptcy filing, the Company's bankruptcy estate, the "Estate") for its shareholders, creditors or others. This document is a general summary of the terms and conditions under which those projects are to be performed. This Agreement for Consulting Services ("Agreement") is not an authorization to execute any work or to incur any fees billable to the Company. Such authorization must come directly from the Company in written form executed by the Company ("Work Authorization" or "Authorization"). That Authorization may modify any or all of the terms of this Agreement. If the Authorization does not cover the terms and conditions detailed herein, the terms and conditions of this Agreement will control. All Authorizations must be accepted in writing by Walker to be binding on Walker. Attached hereto as **Exhibit A** is the initial Authorization.

4. **Compensation.** Walker will invoice the Company weekly for services performed hereunder and payment shall be due upon presentation of the invoice. In addition, Company has delivered to Walker a retainer of $15,000, which amount Walker will hold until completion of the engagement, at which time Walker will apply the retainer to any outstanding balances. Company hereby grants a security interest in the retainer to Walker to secure payment due to Walker of all amounts due hereunder. Company expressly authorizes Walker to pay itself amounts past due from the retainer. Company acknowledges and agrees that Walker's security interest in the retainer is perfected by virtue of possession of such funds. Company shall retain Walker at the following rates:

    **Hourly:**

    | | |
    |---|---|
    | Brad Walker | $250 / hour |
    | Associates | TBD |

    **Bonus:**

    Company and Walker agree that bonuses are customary in the nature and scope of work contemplated by this Agreement. The Authorization contains terms of a bonus based on defined goals for the projects ("Bonus"). Should Walker earn part or all of Bonus, the Bonus will be due and payable as it is earned. In addition, should Company terminate contract with Walker, but as a result of work performed or commenced by Walker or as a result of analysis and recommendations provided by Walker the Company meets or

exceeds the defined goals then Walker shall continue to be entitled to payment of the Bonus.

Walker understands and acknowledges that in the event of a bankruptcy filing by the Company, that its fees, Bonus and expenses will be subject to approval by the bankruptcy court with jurisdiction over the Estate.

5.  **Reimbursement of Expenses.** Company agrees to reimburse Walker for all expenses incurred directly relating to any work undertaken hereunder. Such expenses include but are not limited to: travel, lodging, meals, equipment and vehicle rental, clerical supplies and services, and telephone, fax and photocopying charges. Walker shall adhere to Company corporate travel guidelines (i.e., coach fare, modest business hotels). Walker shall additionally be entitled to reimbursement of reasonable legal expenses associated with any court approval of this Agreement or enforcement of this Agreement's provisions, including fee applications. Company shall reimburse Walker for all such expenses upon presentation of the invoice for the same supported by appropriate documentation.

6.  **Support Services.** Company agrees to provide Walker with duplicating, secretarial and other support services at the location of the work provided they are reasonably necessary to complete the work.

7.  **Rights to Work Output.** Company shall retain exclusive rights to ownership of all work output created under this Agreement. Work output includes reports issued pursuant to any Authorization, but excludes, among other things, all working papers of Walker and any correspondence, memoranda, calculations, notes, etc. that Walker may have used in the development of the reports above or such working papers or in the performance of any work covered by a Authorization.

8.  **Reports and Advice.** Company acknowledges that no reliance shall be placed on draft reports, conclusions or advice, whether oral or written, issued by Walker as the same may be subject to further work, revision and other factors which may result in such drafts being substantially different from any final report or advice issued. Walker's performance is dependent upon Company providing Walker with such information and assistance as Walker may reasonably require from time to time. Company is responsible for ensuring that all information Walker may reasonably require is provided on a timely basis and is accurate and complete. Company shall notify Walker if it subsequently learns that the information provided is incorrect or inaccurate or otherwise should not be relied upon. Any reports issued or conclusions reached by Walker may be based upon information provided by Company.

9.  **Cancellation.** Either party hereto may terminate this Agreement prior to the completion of any project or work authorized hereunder by giving written notice to the other party, which termination will be effective upon the non-terminating party's receipt of such notice. Upon such termination of this Agreement, Company will pay Walker for all man-hours worked in accordance with Paragraph 4 hereof up to the time of any such termination plus all outstanding

and un-reimbursed expenses. Notwithstanding termination, the Bonus, if any, shall continue to be due and owing in accordance with the conditions identified in Paragraph 4 hereof.

10. **Personnel.** Each party hereto agrees that it will not employ personnel or representatives of the other party hereto during the period of work provided for hereunder and for a period of one (1) year after the termination of this Agreement or completion of the project or work contemplated hereunder without the written agreement of the other party.

11. **Independent Contractor.** Neither Walker nor any of its personnel performing work or services hereunder shall be deemed to be an agent or employee of Company, but shall be deemed to be an independent contractor of Company, except that any personnel of Walker who serves as an elected corporate officer of Company or as an executive or other employee of Company shall be considered an agent or employee of Company.

12. **Confidentiality.** Walker will maintain in strict confidence any and all information of a non-public nature relating to Company or its business that it may gain or develop in the course of its engagement by Company (including, without limitation, its own work product and advice to Company), and will not disclose any such information to any person during or after its engagement by Company except with the written consent of Company, as permitted by law or as required by court order. Upon termination of this Agreement, Walker will return to Company all materials of a non-public nature received from Company in the course of its engagement, and will either deliver to Company or destroy any copies thereof that it may have made or received.

Notwithstanding the confidentially provisions of this Section 12, Company acknowledges and agrees that Walker may reference this engagement in its marketing materials (i.e., resume) following the completion of its engagement, the general nature of the services provided by Walker, the time period of such engagement, the general nature of the business or industry in which Company is engaged, the relative size in financial terms of the Company or the transactions in which Walker was involved, and similar information that generally describes the nature and extent of Walker's engagement by Company. With the prior written consent of Company, such disclosure may be made by Walker prior to the conclusion of its engagement by Company.

13. **Limitation of Liability.** Company (for itself and on behalf of the Estate) agrees that Walker, its affiliates and its respective directors, officers, agents, employees and controlling persons, or any of their respective successors or assigns ("Covered Persons") shall not have any liability to the Company or the Estate for or in connection with this engagement or any transactions or conduct in connection therewith except for losses, claims, damages, liabilities or expenses incurred by the Company or the Estate which are finally judicially determined to have resulted primarily from the bad faith, gross negligence or willful misconduct of such Covered Persons.

14. **Indemnification of Walker.** Company agrees that it shall indemnify each Covered Person who is or was made or is threatened to be made a party to or is otherwise involved in any threatened, pending or completed action, suit or proceeded, whether criminal, civil,

administrative or investigative (a "proceeding"), by reason of the fact that such Covered Person acts or acted as an officer, executive or employee of Company (whether in name or in fact), whether the basis of such proceeding is alleged action in an official capacity or in any other capacity while performing services to Company under this Agreement, to the fullest extent permitted by applicable law, as such now exists or hereafter amended, against all claims, expense, liability and loss (including, without limitation, attorney's fees, judgments, fines, penalties and amounts paid in settlement) ("Damages") reasonably incurred or suffered by such Covered Person. Company further agrees that such indemnification shall include the Covered Person's right to be paid in advance by Company any expenses incurred in defending or otherwise participating in any proceeding in advance of its final disposition. Company shall make provision that such indemnification obligations are covered by Company's applicable insurance policy. In addition, Company shall indemnify each Covered Person from and against any and all Damages asserted against, or incurred by, any Covered Person by reason of, or arising out of this Agreement or the performance of its obligations under this Agreement, except, but only to the extent, such Damages result from the willful misconduct, dishonesty, fraudulent act or omission, or gross negligence of such Covered Person.

15. **Representations and Warranties.** Company hereby represents and warrants to Walker that: (i) Company is a validly existing entity and in good standing under the laws of its jurisdiction; (ii) Company has the relevant entity authority to execute and deliver this Agreement and to perform its obligations under this Agreement; (iii) Company has taken all action necessary to authorize the execution and deliver of this Agreement and the performance of its obligations under this Agreement; and (iv) this Agreement has been duly authorized, executed and delivered by, and is enforceable against, Company, subject to any necessary approval by a bankruptcy court of competent jurisdiction.

16. **Warranty.** Walker cannot warranty or guarantee the results or outcome of the engagement. Additionally, Walker will rely on data obtained from the Company and will not perform an audit and verify that data complies with general accepted accounting principals. Reports will be given based on the scope of the engagement.

17. **No Third Party Beneficiaries; Assignment.** There shall be no third party beneficiaries to this Agreement and neither the Company (for itself or on behalf of its Estate), nor any other party who relies or purports to rely on this Agreement may assert any claim hereunder against Walker, its affiliates and respective directors, officers, agents, employees and controlling persons in contravention of Section 13 hereto. Neither party hereto may assign this Agreement without the written consent of the other party.



IN WITNESS WHEREOF, the parties hereto have executed this Agreement on the date first above written.

SpectraWatt, Inc:

By: _____
Name: ANDREW B. WILSON
Title: PRESIDENT, CEO & CHAIRMAN OF THE BOARD

Brad Walker

_____



# EXHIBIT A

## Work Authorization

In accordance with our Agreement for Consulting Services dated January 10, 2011, the undersigned Company authorizes Walker to undertake the following work.

- Conduct business review including financial condition, creditor analysis, short term needs and manufacturing cost analysis
- Review manufacturing and R&D operations
- Work with management to develop rolling 13 week cash flow
- Work with management to develop Liquidation Analysis
- Work with management and Board to develop a Restructuring Plan
- Implement and oversee the Restructuring Plan
- Assist the Company with the sale of the Company and/or the sale of its assets
- Analyze the financial and operating statements of the Company
- Report to the Board status of company, restructuring plan and sale activity
- Provide weekly updates to the Board / Board committee
- Update stakeholders / Board as required
- Work with Company's counsel and provide support
- Perform other CRO duties as defined by the Board
- Settle creditor accounts and wind-down the Company in the event there is no sale of the Company

## Bonus

1.  $25,000 Bonus for sale of the assets and/or the Company, or should the Company file a proceeding, in a format approved by the Court (e.g. Chapter 7, 363 Sale of Assets, Going Concern JV Operating Agreement, or other Court approved format), managing the process through to completion of closure of the Company.

2.  A Bonus of $25,000 for any positive recovery of proceeds for the account of holders of the notes issued pursuant to that certain Loan and Security Agreement between the Company and the other signatories thereto, dated December 21, 2009 (the "Noteholders"), after taking into consideration amounts paid to Roth and Rau pursuant to its purchase-money security interest.

*Signature Page Follows*



Dated:  SpectraWatt, Inc.:

January 17, 2011

By: Andrew B. Wilson
Its: President, CEO and Chairman of the Board


Brad Walker