IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION

---------------------------------------------------------x
In re:                                    Chapter 11

SPECTRAWATT, INC.,                        Case No. 11-[_____]-CGM

                Debtor.
---------------------------------------------------------x

**AFFIDAVIT OF ROSS M. DOVE IN SUPPORT OF THE DEBTOR'S APPLICATION TO EMPLOY AND RETAIN HERITAGE GLOBAL PARTNERS INC., COUNSEL RB CAPITAL, LLC, AND SILICON VALLEY DISPOSITION INC., AS SALES AGENT TO THE DEBTOR AND DEBTOR IN POSSESSION PURSUANT TO 11 U.S.C. §§ 327 AND 328**

I, Ross M. Dove, declare as follows:

1. I am the Managing Partner of Heritage Global Partners, Inc. ("HGP"), an asset recovery firm specializing in the auction and liquidation of industrial equipment, inventories, accounts receivable and intellectual property assets. The principals of Heritage Global Partners, Inc., including myself and Kirk Dove are the former principals of Go Industry, the largest industrial auctioneer in the world today. After leaving Go Industry, I formed Heritage Global Partners, Inc. I make this Declaration in support of the Debtor's Application to Employ and Retain Heritage Global Partners as Sales Agent to the Debtor and Debtor in Possession Pursuant to 11 U.S.C. §§ 327 and 328. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

### HGP's Qualifications

2. HGP is qualified to represent the Debtor in this case due to the considerable experience that its principals have in (i) selling by public auction sale the assets of entities in bankruptcy; (ii) selling by public auction sale the assets of industrial companies, including

photovoltaic equipment and (iii) selling by public auction sale industrial machinery and equipment. This industry experience is crucial to the Debtor in maximizing the recovery to the estate because a significant majority of the interested buyers are located overseas and will not be known to the Debtor.

### HGP's Disinterestedness

3. Neither I, HGP nor any principal or professional thereof, insofar as I have been able to ascertain, has any connection with the Debtor, its creditors, or any other parties-in-interest in this bankruptcy case, or the respective attorneys or other professionals or any employee of the Bankruptcy Administrator Office except as set forth herein. Specifically, and as a matter of routine course in bankruptcy proceedings, we have manually analyzed the creditor lists attached provided by the Debtor and have determined that no conflicts exists. HGP does not hold nor represent any entity having an adverse interest in connection with the these bankruptcy cases.

4. To the best of my knowledge, HGP is a "disinterested person" as the term is defined in section 101(14) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), as modified by section 1107(b) of the Bankruptcy Code. HGP and its members and employees:

    (a)    do not hold or represent any interests adverse to the estate, are disinterested, and are eligible to serve as sales agent for the Debtor under the Bankruptcy Code;

    (b)    are not creditors, equity security holders, or insiders of the Debtor and do not represent any entity (or its attorneys and accountants) other than the Debtor, in connection with this case;

    (c)    are not, and were not within the past two years, a director, officer, or employee of the Debtor;

(d) have no interests materially adverse to the interests of the Debtor or of any class of creditors or equity security holders of the Debtor; and

(e) have no connections, other than as disclosed herein, with the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee.

5. As part of its regular practice, HGP appears in numerous cases, proceedings and transactions involving attorneys, accountants, investment bankers and financial consultants, some of which may represent claimants and parties-in-interest in the Chapter 11 Cases. Further, HGP has in the past, and may in the future, be represented by attorneys and law firms in the legal community, some of whom may be involved in these proceedings. In addition, HGP has in the past and will likely in the future be working with or against other professionals involved in this case in matters unrelated to this case. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these business relations constitute interests materially adverse to the Debtor regarding matters upon which HGP is to be employed.

6. HGP may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest of the Debtor in connection with matters unrelated to the Debtor and the Chapter 11 Case (except as described below). The following specific disclosures are made: NONE By petition-EE

[ADD IF APPLICABLE, OTHERWISE INSERT "NONE"]

### Professional Services Compensation

7. CRB, Heritage Global Partners, Inc. and Silicon Valley Disposition (together, the "Sales Agent") have formed a co-venture to conduct the auction sale for the Debtor. The Sales Agent formed this co-venture because each group enjoys considerable industry experience. The terms and conditions of the Sales Agent Agreement were carefully negotiated, and reflect the parties' mutual agreement as to the efforts that will be required to liquidate the Debtor's assets at

auction, as listed in an exhibit attached to the Sales Agent Agreement (the "Assets"). I understand that the Debtor will be attaching a copy of that Sales Agent Agreement to the Motion. While that Sales Agent Agreement speaks for itself and controls, by way of summary, the Sales Agent is not charging the Debtor any seller's commission. The Sales Agent will charge a buyer premium equal to fifteen percent (15%) of the aggregate gross proceeds for the sale of an Asset, or a lot of Assets, payable by the buyers of those asset or assets (the "Buyer's Premium"). A Buyer's Premium is a standard in the auction industry. The Debtor's estate is not responsible for any unpaid portion of the Buyer's Premium. The Sales Agent also has a right of reimbursement of actually incurred marketing expenses (such as labor, advertising and travel) up to the amount of $50,000.00, and upon the terms and conditions stated in the Sales Agent Agreement. Reimbursement of such expenses is also standard in the industry. The Sales Agent does not have any rights of compensation, or reimbursement of expenses from the Debtor's estate, except as stated above. There is no indemnification provision in favor of the Sales Agent.

8. Based on its experience and independent analysis, HGP believes that the fees set forth herein are fair and reasonable. HGP believes that the fees set forth herein reflect the nature and scope of the services to be provided by HGP.

9. No promises have been received by HGP or by any shareholder or professional thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. The Debtor has been advised that HGP is co-venturing this auction sale with Counsel RB Capital, LLC and Silicon Valley Disposition Inc. I have inquired and confirmed that neither of the joint venture partners hold or represent any entity having an adverse interest in connection with the Debtor's bankruptcy case.

10. There are no outstanding bills due and owing to HGP for professional services performed for the Debtor or for reimbursement of charges and disbursements.

11. As of the Petition Date, HGP was not a creditor of the Debtor or the Chapter 11 estate.

12. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 18 day of August 2011.


Ross M. Dove, Managing Partner