EXHIBIT C

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION

-------------------------------------------------------x

In re:                                              Chapter 11

SPECTRAWATT, INC.,                    Case No. 11-[_____]-CGM

           Debtor.

-------------------------------------------------------x

**AFFIDAVIT OF ADAM M. REICH IN SUPPORT OF THE DEBTOR'S APPLICATION TO EMPLOY AND RETAIN HERITAGE GLOBAL PARTNERS INC., COUNSEL RB CAPITAL, LLC, AND SILICON VALLEY DISPOSITION INC., AS SALES AGENT TO THE DEBTOR AND DEBTOR IN POSSESSION PURSUANT TO 11 U.S.C. §§ 327 AND 328**

I, Adam M. Reich, declare as follows:

1. I am the Co-CEO of Counsel RB Capital, LLC ("CRB"), an asset recovery firm specializing in the auction and liquidation of industrial equipment, wholesale and retail inventories, accounts receivable and intellectual property assets. The principals of Counsel RB Capital, including myself and Jonathan Reich are the former principals of Go Industry, the largest industrial auctioneer in the world today. After selling my interest in Go Industry in 2006, I formed Greystone Private Equity which specializes in the identical liquidation business. In February 2009, the principals of Greystone Private Equity also formed CRB to take advantage of principal distressed asset disposition opportunities. I make this Affidavit in support of the Debtor's Application to Employ and Retain Heritage Global Partners, Inc. as Sales Agent to the Debtor and Debtor in Possession Pursuant to 11 U.S.C. §§327 and 328 (the "Application").

## CRB's Qualifications

2. CRB is qualified to represent the Debtor in this case due to the considerable experience that its principals have in (i) selling by public auction sale the assets of entities in bankruptcy; (ii) selling by public auction sale the assets of industrial companies, including

photovoltaic equipment and (iii) selling by public auction sale industrial machinery and equipment. This industry experience is crucial to the Debtor in maximizing the recovery to the estate because a significant majority of the interested buyers are located overseas and will not be known to the Debtor.

### CRB's Disinterestedness

3. Neither I, CRB nor any principal or professional thereof, insofar as I have been able to ascertain, has any connection with the Debtor, its creditors, or any other parties-in-interest in this bankruptcy case, or the respective attorneys or other professionals or any employee of the Bankruptcy Administrator Office except as set forth herein. Specifically, and as a matter of routine course in bankruptcy proceedings, we have manually analyzed the creditor lists attached provided by the Debtor and have determined that no conflicts exists. CRB does not hold nor represent any entity having an adverse interest in connection with the these bankruptcy cases.

4. To the best of my knowledge, CRB is a "disinterested person" as the term is defined in section 101(14) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), as modified by section 1107(b) of the Bankruptcy Code. CRB and its members and employees:

    (a)    do not hold or represent any interests adverse to the estate, are disinterested, and are eligible to serve as sales agent for the Debtor under the Bankruptcy Code;

    (b)    are not creditors, equity security holders, or insiders of the Debtor and do not represent any entity (or its attorneys and accountants) other than the Debtor, in connection with this case;

    (c)    are not, and were not within the past two years, a director, officer, or employee of the Debtor;

    (d)    have no interests materially adverse to the interests of the Debtor or of any class of creditors or equity security holders of the Debtor; and

    (e)    have no connections, other than as disclosed herein, with the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee.

5.  As part of its regular practice, CRB appears in numerous cases, proceedings and transactions involving attorneys, accountants, investment bankers and financial consultants, some of which may represent claimants and parties-in-interest in this Chapter 11 case. Further, CRB has in the past, and may in the future, be represented by attorneys and law firms in the legal community, some of whom may be involved in these proceedings. In addition, CRB has in the past and will likely in the future be working with or against other professionals involved in this case in matters unrelated to this case. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these business relations constitute interests materially adverse to the Debtor regarding matters upon which CRB is to be employed.

6.  CRB may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest of the Debtor in connection with matters unrelated to the Debtor and the Chapter 11 Case (except as described below). The following specific disclosures are made:

[ADD IF APPLICABLE, OTHERWISE INSERT "NONE"].

## Professional Services Compensation

7.  CRB, Heritage Global Partners, Inc. and Silicon Valley Disposition (together, the "Sales Agent") have formed a co-venture to conduct the auction sale for the Debtor. The Sales Agent formed this co-venture because each group enjoys considerable industry experience. The terms and conditions of the Sales Agent Agreement were carefully negotiated, and reflect the parties' mutual agreement as to the efforts that will be required to liquidate the Debtor's assets at auction, as listed in an exhibit attached to the Sales Agent Agreement (the "Assets"). I understand that the Debtor will be attaching a copy of that Sales Agent Agreement to the Motion. While that Sales Agent Agreement speaks for itself and controls, by way of summary, the Sales Agent is not charging the Debtor any seller's commission. The Sales Agent will charge a buyer premium equal to fifteen percent (15%) of the aggregate gross proceeds for the sale of an Asset, or a lot of Assets, payable by the buyers of those asset or assets (the "Buyer's Premium").

A Buyer's Premium is a standard in the auction industry.  The Debtor's estate is not responsible for any unpaid portion of the Buyer's Premium.  The Sales Agent also has a right of reimbursement of actually incurred expenses (such as labor, advertising, and travel) up to the amount of $50,000.00, and upon the terms and conditions stated in the Sales Agent Agreement.  Reimbursement of such expenses is also standard in the industry.  The Sales Agent does not have any rights of compensation, or reimbursement of expenses from the Debtor's estate, except as stated above.  There is no indemnification provision in favor of the Sales Agent.

8. Based on its experience and independent analysis, CRB believes that the fees set forth herein are fair and reasonable.  CRB believes that the fees set forth herein reflect the nature and scope of the services to be provided by CRB.

9. No promises have been received by CRB or by any shareholder or professional thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.  The Debtor has been advised that CRB is co-venturing this auction sale with Heritage Global Partners, Inc. and Silicon Valley Disposition Inc.  I have inquired and confirmed that neither of the joint ventures partners hold or represent any entity having an adverse interest in connection with the Debtor's bankruptcy case.

10. There are no outstanding bills due and owing to CRB for professional services performed for the Debtor or for reimbursement of charges and disbursements.

11. As of the Petition Date, CRB was not a creditor of the Debtor or the Chapter 11 estate.

12. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 19, 2011.

_____
Adam M. Reich, Co-CEO