OFFICE OF THE UNITED STATES TRUSTEE
74 Chapel Street
Albany, NY 12207
(518) 434-4553
Eric J. Small, Esq.

**Hearing date and time:**
**September 19, 2011 at 2:00 p.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
(Poughkeepsie Division)
-----------------------------------------------------------x
In re:

SPECTRAWATT, INC.,                              Case No. 11-37366 (CGM)
                                                                         (Chapter 11)

                                          Debtors.
-----------------------------------------------------------x

## OBJECTION AND MEMORANDUM OF LAW OF
## THE UNITED STATES TRUSTEE TO ENTRY OF CERTAIN
## FINAL ORDERS ON FIRST DAY MOTIONS

**TO HONORABLE CECELIA G. MORRIS, UNITED STATES BANKRUPTCY JUDGE:**

Tracy Hope Davis, the United States Trustee for Region 2 ("United States Trustee"), in furtherance of her duties and responsibilities prescribed by Section 586 of title 28 of the United States Code, respectfully submits this Objection and memorandum of law to certain specified final proposed orders on "first day" motions of the debtor-in-possession. A hearing on the motions is scheduled for **September 19, 2011 at 2:00 p.m.**

In support thereof, the United States Trustee respectfully states as follows:

### I. INTRODUCTION

By motions filed on the filing date, August 19, 2011 ("first day motions"), the debtor seeks entry of a final cash collateral order, an order allowing use of existing financial accounts ("financial account order") a monthly compensation order, the retention of its Chief

Restructuring Officer ("CRO"), the retention of ordinary course professionals and sales agents, and approving final bid procedures and scheduling a sale of the debtor's assets.

The United States Trustee objects to the entry of the ordinary course professionals order in that the motion lacks appropriate specificity, and circumvents the requirements and protections afforded by the retention and compensation processes set forth in 11 U.S.C. §§ 327 and 330, and Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule") 2014 and 2016. The United States Trustee opposes entry of the CRO order to the extent that it eliminates the requirements of any kind of detailed or even summary timekeeping, thus eliminating any ability of the Court and parties in interest to have a foundation for a final review regarding the reasonableness of the fees charged. Finally, the United States Trustee opposes entry of the financial account order to the extent that it seeks approval of the continuation of the debtor's use of the Key Banc account without meeting the requirements of 11 U.S.C. § 345, and providing an inadequate basis for the Court to waive those requirements.

The United States Trustee has no objection to entry of the final cash collateral order, the sales agent order, the monthly fee order as modified, and the bid procedures order.

## II. JURISDICTION, VENUE AND STATUTORY PREDICATES

1. The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334. These are each core proceedings pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. § 1408.

## III. FACTUAL BACKGROUND

2. The debtor commenced this case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code on August 19, 2011.

3. The United States Trustee has not yet appointed an official committee of unsecured creditors.

4. No trustee or examiner has been appointed in the case.

5. According to the affidavit of Brad Walker pursuant to Local Bankruptcy Rule 1007-2, the debtor is a developer and manufacturer of advanced crystalline silicon cells used in the generation of solar electricity. *Affidavit ¶3*.

6. The debtor shut down its manufacturing facilities and laid off its workforce in Oregon and New York by the end of March, 2011. It had virtually no remaining inventory by the petition date. *Affidavit ¶ 6*.

7. The Chief Restructuring Officer was retained, effective January 17, 2011. *Affidavit ¶ 16*.

8. By motions filed on the filing date, August 19, 2011 ("first day motions"), the debtor seeks entry of a final cash collateral order, an order allowing use of existing financial accounts ("financial account order") a monthly compensation order, the retention of its Chief Restructuring Officer ("CRO"), the retention of ordinary course professionals and sales agents, and approving final bid procedures and scheduling a sale of the debtor's assets.

**IV. OBJECTIONS**

**A. The financial account order.**

9. The debtor seeks final approval of a revised financial account order. An interim order was entered on August 29, 2011 which contained the following language:

> ORDERED that the Debtor in compliance with section 345(b) of
> the Bankruptcy Code with respect to the Key Bank Accounts
> currently insured or guaranteed by the United States or by a

department, agency, or instrumentality of the United States, **provided, however, that the Debtor shall provide to the U.S. Trustee within five (5) business days adequate information to demonstrate that the Key Banc Investment Account (the "Investment Account") complies with section 345(b) of the Bankruptcy Code, and failing such, shall convert the Investment Account funds to a standard depository account.** (Emphasis added)

10. The debtor provided information to the United States Trustee, however, the United States Trustee does not believe that the Key Banc account complies with 11 U.S.C. § 345, nor is there a bond in place to secure the funds in accordance with 11 U.S.C. § 345(a)(1).

11. Section 345(b) provides:

> **(b)** Except with respect to a deposit or investment that is insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States, the trustee shall require from an entity with which such money is deposited or invested--
>
> **(1)** a bond--
>
>   **(A)** in favor of the United States;
>
>   **(B)** secured by the undertaking of a corporate surety approved by the United States trustee for the district in which the case is pending; and
>
>   **(C)** conditioned on--
>
>     (i) a proper accounting for all money so deposited or invested and for any return on such money;
>
>     (ii) prompt repayment of such money and return; and
>
>     (iii) faithful performance of duties as a depository; or

**(2)** the deposit of securities of the kind specified in section 9303 of title 31;

unless the court for cause orders otherwise.

12. While the provisions of 11 U.S.C. § 345 were mandatory prior to the 1994 amendments, see *In re Columbia Gas Systems, Inc.*, 33 F.3d 294 (3d Cir. 1994), the Court has since had discretion to order otherwise. *See In re Service Merchandise Company, Inc., et. al.*, 240 B.R. 894 (Bankr. M.D. Tenn. 1999). Courts typically examine the totality of the circumstances, which include:

> 1. The sophistication of the debtor's business;
>
> 2. The size of the debtor's business operations;
>
> 3. The amount of investments involved;
>
> 4. The bank ratings (Moody's and Standard and Poor) of the financial institutions where debtor-in-possession funds are held;
>
> 5. The complexity of the case;
>
> 6. The safeguards in place within the debtor's own business of insuring the safety of the funds;
>
> 7. The debtor's ability to reorganize in the face of a failure of one or more of the financial institutions;
>
> 8. The benefit to the debtor;
>
> 9. The harm, if any, to the estate; and
>
> 10. The reasonableness of the debtor's request for relief from § 345(b) requirements in light of the overall circumstances of the case.

Id at 896.

13. Based upon the information provided, the the Key Banc account is akin to a mutual

fund which has a portfolio consisting of approximately 75.6% in repurchase agreements and 24.4% in treasury securities. It does not comply with the requirement that it be backed by the United States, as even the treasury securities are only indirectly held by the debtor. Furthermore, the debtor has simply not made an adequate showing of the need to obviate the requirements and protections of Section 345(b) in this challenging financial environment. The United States Trustee respectfully requests that the Court deny the debtor's request for entry of an order modifying the interim order to waive the requirements of Section 345.

**B. The ordinary course professionals motion.**

14. The initial motion for approval of the retention of so-called ordinary course professionals provided virtually no background on the professionals, no statements of disinterest and/or lack of adverse interest to the estate, no billing rates and no description of the services to be rendered. That has been modified somewhat in the proposed final order filed with the Court on September 9, 2011.

15. First, the list of the ordinary course professionals has been pared to just three from the original five, with the accountant, Vanacore, DeBenedictus, DiGovanni & Weddell, LLP and local counsel McCabe & Mack, LLP excluded from coverage by the proposed order. Second, the monthly cap has been reduced from $50,000.00 to $10,000.00 and the maximum reduced from $100,000.00 to $25,000.00. Third, the modified order provides for the submission of affidavits of disinterest by the proposed professionals, with their retention deemed approved without further order if there is no objection within 21 days after the filing of the affidavit. There are still no applications for retention, and no requirement to file a fee application, and the fees are approved without further order of the Court if they remain within the caps.

16. While the modified terms are an improvement over the terms contained in the initial filings, the United States Trustee believes they fall short of the minimal requirements of 11 U.S.C. §§ 327 and 330 and Bankruptcy Rules 2014(a) and 2016, and objects to the entry of the proposed order.

17. Absent compliance with the terms of 11 U.S.C. § 327 and Bankruptcy Rule 2014, the Court should not approve the retention.

> While § 327(a) delineates the substantive standards for employment of counsel, Federal Rule of Bankruptcy Procedure 2014(a) ( "Rule 2014( a)") sets up what attorneys must disclose before the court can determine whether they pass the requirements of § 327(a). Rule 2014( a) places the burden of disclosure on the attorneys the estate seeks to employ. This makes sense because the attorneys, not the court, has access to the information needed to determine compliance with § 327. Furthermore, the duty to disclose continues beyond the initial stage of application to employ counsel. If a conflict arises after attorneys are employed by the debtor-in-possession, such conflict must be disclosed to the court and the court must immediately disqualify the attorney. (Citations omitted)

*In re Tinley Plaza Associates, L.P.*, 142 B.R. 272, 278 (Bankr. N.D. Ill. E.D. 1992).

Bankruptcy Rule 2014(a) provides:

> (a) Application for an order of employment
>
> An order approving the employment of attorneys, accountants, appraisers, auctioneers, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and, unless the case is a chapter 9 municipality case, a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of

7

> the United States trustee. The application shall be accompanied
> by a verified statement of the person to be employed setting forth
> the person's connections with the debtor, creditors, any other
> party in interest, their respective attorneys and accountants, the
> United States trustee, or any person employed in the office of the
> United States trustee.

18. In this case, the relief sought obviates the retention process entirely, without specifying the details of the matter(s) upon which the professionals are to be retained, their billing rates or their backgrounds, and does not provide for any continuing disclosure process of any future conflicts or connections ordinarily required to be disclosed, and provides no objective or other basis upon which to gauge the reasonableness of the fees charged or to evaluate other relevant issues if the fees fall within a specified cap.

19. The Court is being asked to simply approve the specified retentions and fees in advance if no one objects to the professionals' disinterestedness affidavits and if they do not charge more than $10,000.00 per month. It should not do so. This is a liquidation. It is not the type of large, continuing business requiring routine corporate or other matters to be addressed in the ordinary course without the need for the oversight ordinarily required of professionals in bankruptcy cases.

**C. The CRO order.**

20. The CRO order has been modified, as the Court directed, to remove the § 328 language. It provides for Mr. Walker to be compensated for his services and reimbursed for his expenses in accordance with the Engagement Agreement and 11 U.S.C. §§ 327 and 330, and separately provides for him to apply to the Court for final allowance of the Success Fee. It also provides that he will not be required to submit monthly fee statements and will not be required to submit billing records. The United States Trustee opposes entry of the CRO order to the

extent that it eliminates the requirements of any kind of detailed or even summary timekeeping, thus eliminating any ability of the Court and parties in interest to have a foundation for a final review regarding the reasonableness of the fees charged. In addition, the language of the order perhaps inadvertently creates the impression that there will only be a fee application for the Success Fee, and not also the fees for the services rendered. This should be clarified.

**WHEREFORE**, the United States Trustee respectfully requests that the Court deny the request for a modification of the requirements of Section 345 and the ordinary course professionals order, and order amendments to the CRO order, and provide for such other and further relief as the Court may deem just and proper.

Dated: Poughkeepsie, New York
September 13, 2011

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By: /s/Eric J. Small
74 Chapel Street
Suite 200
Albany, New York 12207
(518) 434-4553

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
(Poughkeepsie Division)
-----------------------------------------------------------x
In re:

       SPECTRAWATT, INC.,                  Case No. 11-37366 (CGM)
                                                         (Chapter 11)

                        Debtors.
-----------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee of the United States Trustee for Region 2 and is a person of such age and discretion as to be competent to serve papers.

That on September 13, 2011, he served cop(ies) of the

**OBJECTION AND MEMORANDUM OF LAW OF
THE UNITED STATES TRUSTEE TO ENTRY OF CERTAIN
FINAL ORDERS ON FIRST DAY MOTIONS**

by placing each copy in a postpaid envelope addressed to the person(s) named, at the place(s) and address(es) stated below, and by depositing each envelope and contents in an official depository of the United States Postal Service, or by electronic service through the Court's CM/ECF system:

**ADDRESSES**:

Mark W. Wege, Esq.
King & Spaulding, LLP
1100 Louisiana Street
Suite 4000
Houston, TX 77002
Proposed counsel to the debtor-in-possession

Lance Portman, Esq.
McCabe & Mack, LLP
63 Washington Street
P.O. Box 509
Poughkeepsie, NY 12602
Proposed Local Counsel to the debtor-in-possession

All parties receiving CM/ECF notice

Dated: Poughkeepsie, New York
         September 13, 2011

                                              /s/ Eric J. Small